Stephanie R. Wood (SBN: 242572)
  swood@bcpc-law.com
Jeffrey R. Bragalone (*pro hac vice* application to be filed)
  jbragalone@bcpc-law.com
**BRAGALONE CONROY PC**
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
Tel: (214) 785-6670
Fax: (214) 785-6680

Ben M. Davidson (SBN: 181464)
  Ben@dlgla.com
**DAVIDSON LAW GROUP, ALC**
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Tel: (818) 918-4622

Attorneys for Respondent
Acacia Research Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| HMD GLOBAL OY,<br><br>           Movant,<br><br>vs.<br><br>ACACIA RESEARCH CORPORATION,<br><br>           Respondent. | **DECLARATION OF ERIC LUCAS IN OPPOSITION TO MOTION BY HMD GLOBAL OY TO COMPEL PRODUCTION OF DOCUMENTS FROM ACACIA RESEARCH CORPORATION**<br><br>Judge: John D. Early<br>Date: January 21, 2021<br>Time: 10:00 a.m. PST<br>Place: [TBD]<br>Discovery Cutoff: March 18, 2021<br>Pretrial Conference: June 29, 2021<br>Trial Date: August 2, 2021 |

DECLARATION OF ERIC LUCAS

I, Eric Lucas, hereby declare as follows:

1. I submit this declaration based on personal knowledge and information obtained following a reasonable investigation. If called upon as a witness, I could and would competently testify to the truth of each statement herein.

2. I am the President of Cellular Communications Equipment LLC ("CCE").

3. I am also the Senior Vice President of Acacia Research Corporation ("ARC").

4. CCE is a Texas corporation formed in 2013. CCE's principal place of business is located in Frisco, Texas. Throughout its existence, CCE has always maintained its offices in either Frisco, Texas or Plano, Texas. CCE has never maintained an office in California. CCE has never been registered to do business in California.

5. On or about March 17, 2020 CCE sued HMD Global Oy ("HMD") for infringement of U.S. Patent No. 7,218,923 (the "'923 patent") in the United States District Court for the Eastern District of Texas (the "Texas Action").

6. I have reviewed and am generally familiar with the subpoena issued to ARC on or about September 25, 2020.

7. I have also reviewed HMD's Motion to Compel Production of Documents from Acacia Research Corporation, filed on December 21, 2020.

8. [REDACTED]

9. [REDACTED]

1

DECLARATION OF ERIC LUCAS

1 ███████████████████████████████████████████████████████
2 ███████████████████████████████████████████████████████
3 ████████████

4  10. ████████████████████████████████████ if ARC were ordered to
5 produce emails responsive to the HMD subpoena, ARC would need to hire contract
6 attorneys and paralegals and IT personnel to retrieve and review for relevance the
7 broad scope of emails requested by the HMD subpoena.
8  11. Since receiving the HMD subpoena, I have attempted to estimate the
9 expense of complying with an email search for the broad scope of emails requested
10 by HMD's subpoena. As part of that investigation, ████████████
11 ███████████████████████████████████████████████████████
12 ███████████████████████████████████████████████████████
13 ███████████████████████████████████████████████████████
14 ██████████████████████████████████████ that would need to be
15 reviewed in order to determine relevance and responsiveness to the HMD subpoena.
16  12. Additionally, negotiations of license agreements for patents are always
17 conducted with assistance from outside counsel. Accordingly, many potentially
18 responsive emails would need to be reviewed for possible privileges, and the
19 reviewers would need to catalogue any privileged documents.
20  13. Based upon ██████████████████████, it is my understanding
21 and belief that an outside vendor would charge an average of $50 per hour to initially
22 retrieve emails from the emails servers and prepare them so that they could be
23 reviewed for relevance and possible production. Assuming that the requests for email
24 were limited to the last 10 years, adding up to over ███████████████, I
25 conservatively estimate that it would cost at least ██████ simply to retrieve and
26 process emails for review.
27  14. Based on █████████████████████████████████████
28 it is my understanding and belief that an outside law firm would charge an average

DECLARATION OF ERIC LUCAS

of $250 per hour for paralegals and attorneys to review emails for relevance and privilege, and to create a privilege log.

15. I understand that the review rate of emails will vary based on the individual and the nature and content of the materials being reviewed. Nevertheless, for purposes of estimating the cost of a possible email review, I have relied on statistics that show an average rate of document review of 50-75 emails per hour, per reviewer. In particular, I reviewed statistics and information from the following websites: https://cloudnine.com/ediscoverydaily/electronic-discovery/cost-calculator-for-document-review-ediscovery-best-practices/; https://edrm.net/resources/budgetcalculators/; and https://cloudnine.com/ediscoverydaily/electronic-discovery/ediscovery-best-practices-perspective-on-the-amount-of-data-contained-in-1-gigabyte/.

16. While it is not possible to know the exact total number of emails that would need to be reviewed for relevance and privilege, I conservatively assumed that as few as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ would need to be reviewed for relevance and privilege. Using this percentage of the total emails, and the range of estimated rates of review, along with the estimated average hourly rate of the reviewers, I estimate that the out-of-pocket expense to ARC for the review alone would be from approximately ▓▓▓▓▓▓▓▓▓▓.

17. Although it is not possible to know the exact total time that it would take to review the retrieved emails for relevance and privilege, based on the statistics for the average rate of document review, I estimate that it would take ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for an outside law firm working full time on this project to review the retrieved emails for relevance and privilege, and at least an additional ▓▓▓▓▓▓▓▓▓▓ to generate and proof a log of privileged documents. Of course, if additional individuals were added to the project, it might reduce somewhat the total estimated time for the review, but not the overall expense of the review.

18. Thus, a reasonable and conservative estimate of the time that expense that ARC would incur should it be required to produce emails in response to the HMD subpoena is at least ███████████████████████████████████████████.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 31, 2020

_____
Eric Lucas

4
DECLARATION OF ERIC LUCAS