JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| HMD GLOBAL OY, | ) | No. 8:20-mc-00127-JLS (JDEx) |
| Movant, | ) ) | ORDER GRANTING |
| v. | ) ) | RESPONDENT'S REQUEST TO TRANSFER |
| ACACIA RESEARCH CORPORATION, | ) ) ) | |
| Respondent. | ) ) | |

**I.**

**INTRODUCTION**

On December 21, 2020, Movant HMD Global Oy ("Movant") filed a Motion to Compel compliance with a subpoena with an attached Memorandum (Dkt. 1, 1-1, "Motion") directed to Respondent Acacia Research Corporation ("Respondent") issued in connection with an action pending in the United States District Court for the Eastern District of Texas ("EDTX") with supporting evidence (Dkt. 1-2 to 1-39). On December 31, 2020, Respondent filed a Memorandum in Opposition to the Motion (Dkt. 19), a Motion to Transfer the action to the EDTX with an attached Memorandum

(Dkt. 25, 25-1, "Transfer Request"), and supporting evidence (Dkt. 20, 21). On January 5, 2021, Movant filed a Reply in support of the Motion (Dkt. 33) with supporting evidence (Dkt. 33-1 to 33-7) and an Opposition to the Transfer Request (Dkt. 36, "Opp."). On January 19, 2021, Movant file a Notice of Subsequent Authority Regarding the Motion (Dkt. 43) with supporting evidence (Dkt. 43-1 to 43-6), which the Respondent moved to strike (Dkt. 44). The motion to strike was denied on January 21, 2021 by the assigned Magistrate Judge by separate order. Dkt. 45.

The parties have filed various requests to seal documents and amendments. See, e.g., Dkt. 2, 2-1 to 2-26, 3, 3-1 to 3-25, 17, 22, 22-2 to 22-4, 24, 24-1 to 24-4, 26, 27, 27-1, 30, 32, 34, 34-1 to 34-7, 35, 35-1 to 35-7, 40, 41. Separately, Movant filed an Ex Parte Application for Clarification of this Court's Sealing Procedures (Dkt. 13), which was later withdrawn (Dkt. 15). Having found good cause, the assigned Magistrate Judge granted the requests to seal documents by separate order, but denied Respondent's Ex Parte Application (Dkt. 31) to remove a document from the docket. Dkt. 45.

On January 21, 2021, a hearing was held before the assigned Magistrate Judge regarding the Motion and Transfer Request. The Magistrate Judge advised the parties of the Court's tentative ruling to grant the Transfer Request. Counsel were heard and argued, focusing on the Transfer Request, after which, the matter was taken under submission. After having reviewed the parties' briefing, the Court GRANTS the Transfer Request.

## II.
## PROCEDURAL HISTORY

On March 17, 2020, Cellular Communications Equipment LLC ("CCE"), which is apparently a subsidiary of Respondent, filed a patent infringement action against Movant for infringement of U.S. Patent No. 7,218,923 ("the '923 patent"). CCE v. HMD Global Oy, Case No. 2:20-cv-

00078-JRG (E.D. Tex.). As relevant here, on September 21, 2020, Movant filed a motion to dismiss for lack of standing and failure to state a claim. Motion, Exh. B. That motion is fully briefed and is pending before the EDTX.

Meanwhile, on September 25, 2020, Movant served nonparty Respondent with a subpoena for documents. Motion, Exh. F. On October 9, 2020, Respondent served objections and responses to the subpoena, but according to Movant, did not produce any documents. Id., Exh. G-H; Opp. at 2. During the meet and confer process, Movant informed Respondent that it intended to file the instant Motion, which prompted CCE to file a Motion to Enforce the Protective Orders in the EDTX, raising concerns that Movant would improperly disclose confidential information to this Court. See Motion, Exhs. S-T, W. On December 16, 2020, the District Judge in the EDTX denied CCE's motion. Id., Exh. V.

As explained, Movant filed the instant Motion on December 21, 2020, and on December 31, 2020, Respondent filed the Transfer Request.

## III.
## DISCUSSION

Rule 45(f) of the Federal Rules of Civil Procedure provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Whether to transfer a subpoena-related motion is within the discretion of the court where compliance is required. See Youtoo Tech., LLC v. Twitter, Inc., 2017 WL 431751, at *1 (N.D. Cal. Feb. 1, 2017).

Here, Respondent is the "person subject to the subpoena" and not only does it consent to the transfer, it requests it. As such, the Court has discretion to transfer the Motion to the EDTX, the issuing court. Youtoo Tech., 2017 WL 431751, at *2. Movant nonetheless contends that transfer is not

appropriate, arguing that there is no danger of inconsistent rulings, the EDTX has given no indication that it wants to hear the Motion, transferring the Motion would make it more difficult to resolve and cause further delay, and the Court should not reward Respondent's tactics to avoid "its home Court," where the documents at issue concern conduct in this District. See Opp. at 4-8.

However, despite the numerous filings in this action, Movant has not cited a single instance where a request to transfer by the responding party has been denied. Nor has the Court found a single instance where a timely request to transfer by the responding party has been denied. Rather, courts have consistently granted such transfer requests where the request is made by the responding party prior to any substantive ruling on the subpoena-related motion. See, e.g., Youtoo Tech., 2017 WL 431751, at *2 (explaining that "[o]n the limited occasions that courts have addressed disputes involving third-party respondents' disputed requests to transfer to the issuing court, compliance courts have granted the transfer requests" (citing St. Clair Cty. v. Trinity Highway Indus., 2016 WL 5346943, at *1 (D. Mass. Sept. 23, 2016); San Juan Cable LLC v. DISH Network LLC, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015)); Wartsila Tech. OY AB v. Hawkins, 2018 WL 420025, at *1 (N.D. Cal. Jan. 16, 2018) (granting responding party's motion to transfer); Epistar Corp. v. Lowe's Cos., 2017 WL 6729547, at *3 (N.D. Tex. Dec. 29, 2017) (granting responding party's opposed motion to transfer); cf. St. Jude Med. S.C., Inc. v. Janssen-Counotte, 104 F. Supp. 3d 1150, 1156-57, 1168-69 (D. Or. May 18, 2015) (denying responding party's transfer request where the nonparty initially did not consent but waited until after a motion to compel had been briefed and decided before seeking transfer, noting that had the responding party timely consented to transfer, the court "almost certainly would have transferred this matter to the underlying court," but "nothing in Rule 45 permit[ted] . . . a transfer after a Court has already ruled on the merits of a discovery dispute").

As the Advisory Committee Notes to the 2013 Amendment explain, the "prime concern" in deciding Rule 45(f) transfer motions is "avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45, Advisory Committee Notes to 2013 Amendment; Youtoo, 2017 WL 431751, at *2 (explaining the Rule's focus is on the local nonparty, not the issuing party). Here, the local nonparty has timely requested that the action be transferred to the EDTX, the court issuing the subpoena and presiding over the underlying action. The Court finds that transfer is appropriate on this basis alone.

Additionally, avoiding inconsistent rulings and promoting judicial economy also favor transferring the Motion to the EDTX. The EDTX is familiar with the issues and any ruling on the Motion may result in an inconsistent ruling, despite Movant's claims to the contrary. As noted, Movant has moved to dismiss, in part, for lack of standing. In that motion, Movant requests that if the court does not dismiss CCE's claims outright, it should grant jurisdictional discovery to determine whether CCE has standing to bring this action and otherwise stay the case pending resolution of the jurisdictional issue. Motion, Exh. B at 11-12. Although the Motion here primarily seeks documents regarding this underlying standing issue, some of the requests at issue appear to seek information broader than the narrow jurisdictional issue. For instance, the Motion seeks "documents concerning any valuations or attempts to value the '923 patent or any portfolio containing the '923 patent" (Request No. 15) and "documents concerning this litigation or other CCE litigation" (Request No. 24). Motion, Exh. F. In light of the broad range of documents being sought, any order in this case could result in an inconsistent ruling in the EDTX. Given the pending motion to dismiss on standing and request for a stay, the EDTX is better suited to decide disputes regarding the scope of discovery, including Respondent's relevancy and proportionality arguments. Issues regarding the scope of discovery are more properly resolved

by the issuing court, which is responsible for case management of the underlying action, particularly where, as here, the EDTX is already familiar with the discovery dispute at issue. See Fed. R. Civ. P. 45, Advisory Committee Notes to 2013 Amendment (transfer may be warranted "in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion"); Wartsila Tech. OY AB, 2018 WL 420025, at *1 ("because the Subpoena Motion ultimately turns on a question of whether certain information is relevant to the merits of a case pending in the United States District Court for the Western District of North Carolina, this Court concludes that [the motion] would be best decided by the court adjudicating that dispute").

The Court also finds that judicial economy militates in favor of transfer. The issuing court is familiar with the discovery dispute and has already reviewed the subpoena at issue in resolving CCE's motion to enforce protective order. See Motion, Exhs. W-X. Movant argues, however, that EDTX's handling of that motion indicates that the EDTX has shown no interest in resolving the instant Motion, claiming that the EDTX "ignored" "repeated invitations" to hear the Motion. Opp. at 7. Specifically, in the motion to enforce, CCE suggested the possibility of the EDTX handling the Motion. See Dkt. 48-15 (under seal) at 7 (reciting Respondent's response to Movant that submitting the Motion to the EDTX was preferable); Motion, Exh. Y at 5 ("To the extent that HMD believes that an examination of Highly Confidential documents is required, it can stipulate to the transfer of the motion to this Court pursuant to Fed. R. Civ. P. 45(f)."). Movant maintains that the EDTX's order denying that motion, noting that it was "mindful of the need to avoid interfering with a sister Court's resolution of this discovery dispute on the merits" (see Motion, Exh. V), reflects the EDTX has shown no desire to rule on the Motion and an understanding that the Motion would be resolved in the

Central District of California. See Opp. at 7. This Court does not reach that same conclusion. Not only was the issue not before the EDTX, but Rule 45(d)(2)(B)(i) mandates that the motion to compel be filed in the first instance in the court "where compliance is required." See also Agincourt Gaming, LLC v. Zynga, Inc., 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014) (explaining that the "plain text of Rule 45(f) imbues the discretion to transfer subpoena-related motions with the district court where compliance is required"). Counsel for Movant agreed at the hearing that he did not have any authority that would have permitted the EDTX to consider the Motion at the time it was presented. As the EDTX is familiar with the discovery issue, this factor again weighs in favor of transfer. Obesity Rsch. Inst. v. Fiber Rsch. Int'l, 2016 WL 593546, at *4 (D. Nev. Feb. 12, 2016) (case management issues weigh in favor of transfer where the judges assigned to the underlying action were familiar with the case and transfer will minimize any risk of inconsistent discovery rulings and promote judicial economy).

      Movant's remaining arguments are equally unavailing. Movant cites possible additional delay and briefing. The Court is not persuaded by these hypothetical difficulties. At the hearing, Respondent's counsel represented that Respondent would be willing to agree to an expedited briefing schedule in order to avoid delay. And although Movant claimed in its Opposition that a transfer would require additional briefing or research, Movant claimed at the hearing that it views the briefing as complete. Opp. at 6-7. On balance, the Court finds that transfer of the Motion is warranted.

## IV.
## CONCLUSION AND ORDER

      For the foregoing reasons, Respondent's Transfer Request (Dkt. 25) is GRANTED. Accordingly, the Clerk is directed to transfer Movant's Motion to Compel to the United States District Court for the Eastern District of Texas for

determination in connection with the underlying litigation in <u>CCE v. HMD Global Oy</u>, Case No. 2:20-cv-00078-JRG (E.D. Tex.). The Clerk is further directed to administratively close this case.

Dated: January 26, 2021

_____
JOSEPHINE L. STATON
United States District Judge

Presented By:

_____
JOHN D. EARLY
United States Magistrate Judge